IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL DAN FLOYD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05-CV-0851-F |
| | ) | |
| DOTHAN CITY POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 16, 2005, after granting Plaintiff's *motion* for leave to proceed *in forma pauperis* this court advised the *pro se* plaintiff:

> Upon closer review of the Complaint filed August 23, 2005, in the Middle District of Georgia and transferred to this Middle District of Alabama on August 30, 2005, the court readily concludes that procedural and jurisdictional deficiencies justify a delay in service in order to provide the pro se plaintiff an opportunity to cure deficiencies with an amended complaint.  <u>Accordingly, the Plaintiff is INSTRUCTED to read carefully and to comply with the specific guidance provided herein for a necessary re-evaluation of the  merits of continuing this action:</u>

> After delineating "deficiencies in the complaint," the court provided relevant guidance and a reasonable opportunity for the plaintiff to amend his complaint, cautioning as follows:

> **PURSUANT TO THE FOREGOING INSTRUCTIONS**, and consistent with the deference mandated for *pro se* litigants, (footnote omitted) in the needful exercise of its judicial authority, this court acts promptly to ensure that the plaintiff has reasonable notice of the shortcomings in his complaint, a reasonable opportunity to seek consultations with competent lawyers about the propriety of his actions, and reasonable notice of this Court's intention to recommend dismissal promptly for any action which does not belong in this federal court.

> **Accordingly, for good cause, it is <u>ORDERED</u> that the Plaintiff shall file by December 19, 2005, *either* an amended complaint which complies with the specificity requirements outlined in this order and also asserts  valid, factually supported,  and timely federal causes of action for which relief can be granted, *OR*, notice that he desires to withdraw his complaint in this court.**    Failure to

      comply with the instructions and directives in this ORDER may result in a recommendation that this lawsuit be dismissed with prejudice.

(Doc. 8 at 1, 4-5).

Plaintiff filed neither an amended complaint nor notice as instructed. Accordingly, he should be deemed to have abandoned prosecution of this action, which is patently frivolous as specified in this court's Order entered November 16, 2005. It is, therefore, the Recommendation of the Magistrate Judge that this action be dismissed with prejudice[1] for lack of prosecution and pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii)."[2]

**IT IS FURTHER ORDERED that the parties shall file any objections to the said *Recommendation* not later than January 19, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which

---

[1] The recommendation for dismissal *with prejudice* is warranted to deter this *pro se* plaintiff's abusive pattern of filing frivolous lawsuits against governmental entities and officers. *See, e.g.*, *Floyd v. Dothan City Police*, 1:05cv-0848-T, for which a similar recommendation is entered herewith. and *Floyd v. Special Agent Conner*, 1:05-cv-0089-F.

[2] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), the court "shall dismiss the case" by a plaintiff proceeding *in forma pauperis* "at any time if [it] determines that the action.... (i) is frivolous or malicious, or (ii) fails to state a claim on which relief may be granted." At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B)(i) when it appears that the plaintiff "has little or no chance of success." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless," that the legal theories are "indisputably meritless," or that plaintiff "seeks monetary relief against a defendant who is immune from such relief." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, *id.* A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of January, 2006.

                                **/s/ Delores R. Boyd**
                                DELORES R. BOYD
                                UNITED STATES MAGISTRATE JUDGE